## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IDEA TECH LLC**, | |
| Plaintiff, | |
| v. | Case No. _____ |
| | Jury Trial Demanded |
| **EVERSTAR MERCHANDISE CO., LTD.** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Idea Tech LLC ("Idea Tech"), for its Complaint against Defendant, Everstar Merchandise Co., Ltd. ("Everstar"), states and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action arising under the United States patent laws, Title 35 of the United States Code, §§ 100-299, including 35 U.S.C. §§ 271, 281–285, for infringement of U.S. Patent No. 10,125,937 ("the '937 Patent"), U.S. Patent No. 10,240,736 ("the '736 Patent"), and U.S. Patent No. 10,480,734 ("the '734 Patent") (collectively, "the patents-in-suit"), of which Idea Tech is the assignee, directed to various embodiments of lighting devices.

2.      Everstar has improperly sold, offered to sell, imported, and, on information and belief, induced others to use, import, sell, and offer to sell lighting devices ("the Accused Products") in violation of Idea Tech's patent rights.

## PARTIES, JURISDICTION, AND VENUE

3.     Idea Tech is a corporation organized and existing under the laws of Kansas, having its principle place of business at 123 West 8th Street, Suite 200, Lawrence, Kansas 66044.

4.     On information and belief, Everstar is a Hong Kong corporation having its principle place of business at Unit 12-13, Tower 1, Harbour Centre, 1 Hok Cheung Street, Hunghom, Kowloon, Hong Kong.

5.     This Court has subject-matter jurisdiction over this action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Everstar because Everstar, on information and belief, is subject to specific jurisdiction in the State of Kansas. Everstar is subject to personal jurisdiction because, on information and belief, Everstar or its agents have transacted business in Kansas by selling the Accused Products to customers in Kansas; on information and belief, caused tortious injury in Kansas by intentionally shipping the Accused Products into Kansas; and/or placed the Accused Products into the stream of commerce with an intent to serve the Kansas market by marketing and selling the Accused Products in the United States without intending to exclude Kansas, including by selling the Accused Products through retailers such as Amazon.com, where Everstar maintains a storefront, and Walmart, through which consumers, including in Kansas, can purchase the Accused Products. The exercise of personal jurisdiction comports with Everstar's right to due process because, as described above, Everstar has purposefully availed itself of the privilege of conducting activities within Kansas such that it should

reasonably anticipate being haled into court here. The Court alternatively has personal jurisdiction over Everstar under FED. R. CIV. P. 4(k)(2).

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(c)(3).

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

**A.     The Patents-in-Suit**

8.     The United States Patent and Trademark Office ("USPTO") issued the '937 Patent, entitled "LIGHT ENGINE FOR AND METHOD OF SIMULATING A FLAME," on November 13, 2018. A copy of the '937 Patent is attached as Exhibit A.

9.     The '937 Patent was assigned to Idea Tech in an assignment recorded with the USPTO on November 29, 2018.

10.     The '937 Patent includes three independent claims: claims 1, 10, and 15. For example, Claim 1 recites:

1. A lighting device, comprising:

a three dimensional substrate extending about a substrate axis, the three
        dimensional substrate having a top and a bottom separated from one
        another along the substrate axis;

a plurality of LEDs mounted to the three dimensional substrate;

the plurality of LEDs comprising a lower grouping of the LEDs, an upper
        grouping of the LEDs, and a middle grouping of the LEDs;

the LEDs in the lower grouping being relatively near the substrate bottom;

the LEDs in the upper grouping being relatively near the substrate top;

the LEDs in the middle grouping being between the LEDs in the lower and upper
        groupings;

at least some of the LEDs forming rows in planes that extend generally

   perpendicular to the substrate axis;

a first subset of the plurality of LEDs forming one of the rows;

each of the LEDs in the first subset having a respective beam axis that is:

   (a) perpendicular to the substrate axis; and

   (b) angularly offset about the substrate axis from each other beam axis of

      the LEDs in the first subset;

a power interface for transmitting electricity to the plurality of LEDs;

a control circuit in communication with each of the LEDs to cause the plurality of

   LEDs to simulate a flame, wherein the control circuit:

   (i) drives at least some of the LEDs in the lower grouping to do at least one

      of the following to simulate combustion at a bottom of a flame:

      pulse, change intensity, and change color;

   (ii) drives at least some of the LEDs in the middle grouping to sequentially

      turn on to simulate a rise in flame height; and

   (iii) drives at least some of the LEDs in the upper grouping to flicker to

      simulate a flame tip, the LEDs in the upper grouping being driven

      less frequently on average than the LEDs in the middle grouping;

      and

a shroud at least partially encasing at least some of the LEDs.

11.     The USPTO granted the '736 Patent, entitled "LIGHT ENGINE FOR AND METHOD OF SIMULATING A FLAME," on March 26, 2019.   A copy of the '736 Patent is attached as Exhibit B.

12.     The '736 Patent was assigned to Idea Tech in an assignment recorded with the USPTO on November 27, 2018.

13.     The '736 Patent has three independent claims: claims 1, 6, and 11.   For example, Claim 1 recites:

4

1.  A lighting device, comprising:

a substrate having a longitudinal axis and an operating orientation, first and second parts of the substrate being on opposite sides of a plane containing the longitudinal axis;

a plurality of discrete light emission points (DLEPs) positioned along the substrate; a first subset of the DLEPs being positioned along the first part of the substrate; a second subset of the DLEPs being positioned along the second part of the substrate; each of the plurality of DLEPs respectively being in one and only one of the first subset or the second subset; a lowermost grouping of the DLEPs containing some of the DLEPs of the first subset and some of the DLEPs of the second subset; a middle grouping of the DLEPs containing some of the DLEPs of the first subset and some of the DLEPs of the second subset; the middle grouping having more of the plurality of DLEPs than are in the lowermost grouping; an uppermost grouping of the DLEPs containing some of the DLEPs of the first subset and some of the DLEPs of the second subset; each of the plurality of DLEPs respectively being in one and only one of the lowermost grouping, the middle grouping, or the uppermost grouping; the DLEPs in the middle grouping being above the DLEPs in the lowermost grouping when the substrate is at the operating orientation; the DLEPs in the uppermost grouping being above the DLEPs in the middle grouping when the substrate is at the operating orientation; at least one of the DLEPs in the first subset having a light emission axis that is offset angularly away from a light emission axis of at least one of the DLEPs in the second subset; and

a controller to cause the plurality of DLEPs to simulate a flame, wherein the controller:

actuates at least some of the DLEPs in the lowermost grouping to simulate combustion at a bottom of a flame;

sequentially actuates at least some of the DLEPs in the middle grouping to

simulate a rise in flame height; and

actuates at least some of the DLEPs in the uppermost grouping to flicker to

simulate a flame tip.

14.    The USPTO granted the '734 Patent, entitled "LIGHT ENGINE AND

METHOD OF SIMULATING A FLAME," on November 19, 2019.  A copy of the '734

Patent is attached hereto as Exhibit C.

15.    The '734 Patent was assigned to Idea Tech in an assignment recorded with

the USPTO on April 1, 2019.

16.    The '734 Patent has three independent claims: claims 1, 9, and 16.  For

example, Claim 1 recites:

1.  A lighting device, comprising:

a translucent outer shroud;

at least one carrier inside the translucent outer shroud; the at least one carrier

having upper and lower ends and a single longitudinal axis; a lower region

of the at least one carrier being relatively near the lower end; an upper

region of the at least one carrier being relatively distant the lower end; a

mid region of the at least one carrier being between the lower region and

the upper region;

a plurality of LEDs coupled to the at least one carrier such that lower LEDs are in

the lower region, mid LEDs are in the mid region, and upper LEDs are in

the upper region; the lower LEDs, the mid LEDs, and the upper LEDs

collectively defining the plurality of LEDs; at least two of the lower LEDs

being spaced perpendicularly to the longitudinal axis at distances different

from one another; at least two of the mid LEDs being spaced

perpendicularly to the longitudinal axis at distances different from one

another; at least two of the upper LEDs being spaced perpendicularly to the longitudinal axis at distances different from one another; at least one of the lower LEDs and at least one of the mid LEDs being spaced perpendicularly to the longitudinal axis at the same distance as one another; at least one of the lower LEDs and at least one of the upper LEDs being spaced perpendicularly to the longitudinal axis at the same distance as one another; at least one of the mid LEDs and at least one of the upper LEDs being spaced perpendicularly to the longitudinal axis at the same distance as one another; and

a controller in communication with the plurality of LEDs; wherein, to simulate a flame, the controller:

actuates at least some of the lower LEDs to simulate combustion at a bottom of a flame;

actuates at least some of the mid LEDs to simulate a rise in flame height; and

actuates at least some of the upper LEDs to simulate a flickering flame tip.

## COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,125,937

17.     Idea Tech incorporates by reference paragraphs 1 through 16, above.

18.     Idea Tech is the owner by recorded assignment of the '937 Patent, with ownership of all substantial rights therein, including the right to exclude others, to grant licenses, and to sue and recover damages and seek injunctive relief for past and future infringement of the '937 Patent.

19.     On information and belief, Everstar has directly infringed and continues to directly infringe at least claims 1–3, 5, 9–13, and 15–17 of the '937 Patent (collectively, the "Infringed Claims of the '937 Patent") by, among other things, offering for sale

and/or selling products and using products containing each and every element of the devices patented in the Infringed Claims of the '937 Patent. Everstar is therefore liable for infringement of the '937 Patent pursuant to 35 U.S.C. § 271(a) and (g).

20.    Photographs of an Accused Product are attached hereto as Exhibit D.

21.    Everstar has direct knowledge of the '937 Patent and has been informed by Idea Tech of its continued infringement of the '937 Patent.

22.    Everstar's infringement has continued notwithstanding its notice of the '937 Patent and is therefore willful and in bad faith.

23.    Idea Tech has been harmed by this infringement and is entitled to an injunction pursuant to 35 U.S.C. § 283 and compensation for its lost profits or, in the alternative, an amount no less than a reasonable royalty for Everstar's infringement pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II – INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 10,125,937

24.    Idea Tech incorporates by reference paragraphs 1 through 23, above.

25.    Due at least to Idea Tech's March 30, 2020 and April 21, 2020 notices of infringement, Everstar knew of the '937 Patent.

26.    In at least the March 30, 2020 notice of infringement, Idea Tech advised Everstar that it was open to licensing the '937 Patent to Everstar.

27.    Rather than negotiating to become a licensee to the '937 Patent, Everstar continues to knowingly and intentionally supply the Accused Products to retailers, including Amazon.com and Walmart, so that said retailers offer for sale and/or sell

Accused Products. Everstar is therefore liable for inducement of infringement of the '937 Patent pursuant to 35 U.S.C. § 271(b).

28.     Everstar's inducement of infringement was begun and has continued notwithstanding its notice of the '937 Patent and is therefore willful and in bad faith.

29.     Idea Tech has been harmed by Everstar's inducement of infringement and is entitled to an injunction pursuant to 35 U.S.C. § 283 and compensation for its lost profits or, in the alternative, an amount no less than a reasonable royalty for Everstar's inducement of infringement pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,240,736

30.     Idea Tech incorporates by reference paragraphs 1 through 29, above.

31.     Idea Tech is the owner by recorded assignment of the '736 Patent, with ownership of all substantial rights therein, including the right to exclude others, to grant licenses, and to sue and recover damages and seek injunctive relief for past and future infringement of the '736 Patent.

32.     On information and belief, Everstar has directly infringed and continues to directly infringe at least claims 1, 2, 4-7, 9-12, and 14-17 of the '937 Patent (collectively, the "Infringed Claims of the '736 Patent") by, among other things, offering for sale and/or selling products and using products containing each and every element of the devices patented in the Infringed Claims of the '736 Patent.  Everstar is therefore liable for infringement of the '937 Patent pursuant to 35 U.S.C. § 271(a) and (g).

33.     Photographs of an Accused Product are attached hereto as Exhibit D.

34.     Everstar has direct knowledge of the '736 Patent and has been informed by Idea Tech of its continued infringement of the '736 Patent.

35.     Everstar's infringement has continued notwithstanding its notice of the '736 Patent and is therefore willful and in bad faith.

36.     Idea Tech has been harmed by this infringement and is entitled to an injunction pursuant to 35 U.S.C. § 283 and compensation for its lost profits or, in the alternative, an amount no less than a reasonable royalty for Everstar's infringement pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV – INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 10,240,736

37.     Idea Tech incorporates by reference paragraphs 1 through 36, above.

38.     Due at least to Idea Tech's March 30, 2020 and April 21, 2020 notices of infringement, Everstar knew of the '736 Patent.

39.     In at least the March 30, 2020 notice of infringement, Idea Tech advised Everstar that it was open to licensing the '736 Patent to Everstar.

40.     Rather than negotiating to become a licensee to the '736 Patent, Everstar continues to knowingly and intentionally supply the Accused Products to retailers, including Amazon.com and Walmart, so that said retailers offer for sale and/or sell Accused Products.  Everstar is therefore liable for inducement of infringement of the '736 Patent pursuant to 35 U.S.C. § 271(b).

41.     Everstar's inducement of infringement was begun and has continued notwithstanding its notice of the '736 Patent and is therefore willful and in bad faith.

42.     Idea Tech has been harmed by Everstar's inducement of infringement and is entitled to an injunction pursuant to 35 U.S.C. § 283 and compensation for its lost profits or, in the alternative, an amount no less than a reasonable royalty for Everstar's inducement of infringement pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT V –DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,480,734

43.     Idea Tech incorporates by reference paragraphs 1 through 42, above.

44.     Idea Tech is the owner by recorded assignment of the '734 Patent, with ownership of all substantial rights therein, including the right to exclude others, to grant licenses, and to sue and recover damages and seek injunctive relief for past and future infringement of the '734 Patent.

45.     On information and belief, Everstar has directly infringed and continues to directly infringe at least claims 1, 2, 6, 8, 9, 13, 15, 16, and 22 of the '734 Patent (collectively, the "Infringed Claims of the '734 Patent") by, among other things, offering for sale and/or selling products and using products containing each and every element of the devices patented in the Infringed Claims of the '734 Patent. Everstar is therefore liable for infringement of the '734 Patent pursuant to 35 U.S.C. § 271(a) and (g).

46.     Photographs of an Accused Product are attached hereto as Exhibit D.

47.     Everstar has direct knowledge of the '734 Patent and has been informed by Idea Tech of its continued infringement of the '734 Patent.

48.     Everstar's infringement has continued notwithstanding its notice of the '734 Patent and is therefore willful and in bad faith.

11

49.     Idea Tech has been harmed by this infringement and is entitled to an injunction pursuant to 35 U.S.C. § 283 and compensation for its lost profits or, in the alternative, an amount no less than a reasonable royalty for Everstar's infringement pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VI – INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 10,480,734

50.     Idea Tech incorporates by reference paragraphs 1 through 49, above.

51.     Due at least to Idea Tech's March 30, 2020 and April 21, 2020 notices of infringement, Everstar knew of the '734 Patent.

52.     In at least the March 30, 2020 notice of infringement, Idea Tech advised Everstar that it was open to licensing the '734 Patent to Everstar.

53.     Rather than negotiating to become a licensee to the '734 Patent, Everstar continues to knowingly and intentionally supply the Accused Products to retailers, including Amazon.com and Walmart, so that said retailers offer for sale and/or sell Accused Products.  Everstar is therefore liable for inducement of infringement of the '734 Patent pursuant to 35 U.S.C. § 271(b).

54.     Everstar's inducement of infringement was begun and has continued notwithstanding its notice of the '734 Patent and is therefore willful and in bad faith.

55.     Idea Tech has been harmed by Everstar's inducement of infringement and is entitled to an injunction pursuant to 35 U.S.C. § 283 and compensation for its lost profits or, in the alternative, an amount no less than a reasonable royalty for Everstar's inducement of infringement pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR JUDGMENT AND RELIEF

Based on the foregoing, Idea Tech respectfully request that the Court grant judgment and relief as follows:

(a) Judgment in favor of Idea Tech that Everstar has directly infringed the '937 Patent;

(b) Judgment in favor of Idea Tech that Everstar has induced infringement of the '937 Patent;

(c) A permanent injunction enjoining Everstar, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from directly infringing or inducing infringement of the '937 Patent pursuant to 35 U.S.C. § 283;

(d) Judgment in favor of Idea Tech for all damages it has suffered as a result of Everstar's direct infringement and inducement of infringement of the '937 Patent, including lost profits, costs and expenses, together with pre- and post-judgment interest thereon, and all other damages permitted under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

(e) Judgment in favor of Idea Tech that Everstar has directly infringed the '736 Patent;

(f)   Judgment in favor of Idea Tech that Everstar has induced infringement of the '736 Patent;

(g)   A permanent injunction enjoining Everstar, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from directly infringing or inducing infringement of the '736 Patent pursuant to 35 U.S.C. § 283;

(h)   Judgment in favor of Idea Tech for all damages it has suffered as a result of Everstar's direct infringement and inducement of infringement of the '736 Patent, including lost profits, costs and expenses, together with pre- and post-judgment interest thereon, and all other damages permitted under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

(i)   Judgment in favor of Idea Tech that Everstar has directly infringed the '734 Patent;

(j)   Judgment in favor of Idea Tech that Everstar has induced infringement of the '734 Patent;

(k)   A permanent injunction enjoining Everstar, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active

concert or privity therewith from directly infringing or inducing infringement of the '734 Patent pursuant to 35 U.S.C. § 283;

(l) Judgment in favor of Idea Tech for all damages it has suffered as a result of Everstar's direct infringement and inducement of infringement of the '734 Patent, including lost profits, costs and expenses, together with pre- and post-judgment interest thereon, and all other damages permitted under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

(m) A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

(n) A judgment and order awarding Idea Tech its attorney fees and costs incurred pursuant to 35 U.S.C. § 287; and

(o) Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Idea Tech demands a trial by jury of all matters to which it is entitled to a jury trial under Fed. R. Civ. P. 38.

Respectfully Submitted,

August 11, 2020                    s/ ***Scott Brown***

Scott R. Brown
   sbrown@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 642-9050   Fax: (913) 642-9057

ATTORNEY FOR PLAINTIFF

16